IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JUNE ELLEN MERRYMAN                                                                                     PLAINTIFF

v.                                              Civil No. 2:25-cv-02124-TLB-MEF

STATE OF ARKANSAS                                                                                      DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is an action filed as a Petition for Habeas Corpus under 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice initial review.

### I.   BACKGROUND

Plaintiff filed an untitled document on October 10, 2025. (ECF No. 1). Because the first sentence of the document indicated that she was seeking an emergency writ of habeas corpus, the document was filed as a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. Plaintiff paid the filing fee of $5.00. (*Id*.). Plaintiff's petition is difficult to follow, but the Court interprets Plaintiff's claims as follows. She identifies herself as "a natural mother a living woman" and indicates that her children were "falsely removed from Petitioner on April 10, 2024." (*Id*. at 1). She states she was recently made aware of actual proof of horrific crimes against her children and "just this Sunday" learned that someone in Sebastian County, perhaps the Court Clerk, has been entering false documents and evidence into the Sebastian County Family Court to "cover up" physical abuse inflicted upon one of her children. (*Id*.).

She alleges she was in the process of selling her house in Barling, Arkansas, when Department of Health and Human Services Case Worker Bridgette Cornell came to her home "without a Court Order or any valid reason." She alleges the case worker stated that she believed

Plaintiff had PTSD due to the murder and "horrific abuse" of one of Plaintiff's children in 2021. (*Id*. at 2). Plaintiff states that she "was functioning and have evidence of me caring for my children with no abuse or neglect." (*Id*.). Plaintiff references a fake report that someone called in stating that someone was breaking into her home. (*Id*.). She further states that her license was stolen, and the case worker informed her that she needed to update her Arkansas license, even though she was in the process of moving her children to a safe and healthy environment, where her family was prepared to help. (*Id*.).

Plaintiff also states that she is a member of the Choctaw Nation and is "applicable for membership within other tribal communitys [sic] as a true Native Mother by blood and membership." (*Id*.). She details numerous unsafe situations, neglect, and abuse that she alleges the children have been subject to in foster care. (*Id*. at 2-5). These include physical assault and abuse, malnourishment, lack of medical and dental care, forced medication using harsh drugs to make them compliant, exposure to convicted sex offenders, and the cutting of their hair without their consent in violation of the ICWA. (*Id*. at 2-5). Plaintiff references a prior federal case as evidence of abuse: 4:25-cv-782-LPR. The Court located this case in the Eastern District of Arkansas. The case was filed as a Section 1983 case on August 1, 2025, and has not been screened or served. The named Defendants are the Arkansas Department of Human Services and several employees of that agency. Plaintiff's Motion for Emergency Relief was denied on October 9, 2025, because it was not filed in compliance with the Local Rules of Civil Procedure.

Plaintiff seeks the following:

PETITIONER REQUEST EMERGENCY RULE NISI, PETITION FOR WRIT OF HABEAS OF CORPUS, AND DEMAND FOR SELF EXECUTING DEFAULT JUDGEMENT & WRITS OF EXECUTION

TO THE HONORABLE ARTICLE III JUDGE OF THIS COURT:
THE PETITIONER RESPECTFULLY PRESENTS THIS EMERGENCY PETITION FOR,WRIT OF,HABEAS CORPUS UNDER ARTICLE I, SECTION 9, CLAUSE TO THE UNITED STATES CONSTITUTION, AND SUPREMACY

> CLAUSE INVOKING THIS COURTS INVOKES JURISTICTION TO PROTECT CHILDREN AT RISK OF IMMEDIATE RISK AND HARM.
>
> RESPECTFULLY THIS IS A EMERGENCY AND PETITIONER (NATURAL LEGAL MOTHER) HAVE ALL EVIDENCE INCLUDING THE ILLEGAL REMOVAL AND FORCED JURISTICTION WITH THREAT OF IMMEDIATE SEVERANCE.

(*Id*. at 6). After her signature, Plaintiff provides an address for the six children and asks that the "Federal Marshall Retrieve Children." The Court will infer that Plaintiff seeks the return of her children from foster care. Although Plaintiff identifies herself as Choctaw, she does not appear to allege that any tribal court was involved in the removal of her children.

## II.     ANALYSIS

Plaintiff's Petition is subject to preservice dismissal because it is frivolous. A district court may dismiss a case *sua sponte* before service of process is effected if the complaint is frivolous. *Johnson v. Bloomington Police*, 193 F. Supp. 3d 1020, 1022 (D. Minn. 2016) (citing *Porter v. Fox*, 99 F.3d 271, 273 (8th Cir. 1996)). A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (internal quotation marks and citation omitted).

"The Supreme Court has held that federal habeas corpus jurisdiction under 28 U.S.C. § 2254 may not be invoked to collaterally attack a state decree as to parental rights or child custody." *Nguyen v. Foley*, No. 21-CV-991 (ECT/TNL), 2021 WL 4993412, at *7 (D. Minn. Oct. 27, 2021), *aff'd*, No. 21-3735, 2022 WL 16631180 (8th Cir. Nov. 2, 2022) (citing *Lehman Cnty. Children's*

*Servs. Agency*, 458 U.S. 502, 510–12, 516 (1982)).  Further, "[t]he 'custody' of foster or adoptive parents over a child is not the type of custody that traditionally has been challenged through federal habeas."  *Lehman*, 458 U.S. at 511.  Federal habeas may not be used to relitigate parental rights.  (*Id*.).  Thus, Plaintiff's request for habeas relief lacks an arguable basis in law or fact, and it is subject to summary dismissal as frivolous.

### III.     CONCLUSION

Accordingly, it is RECOMMENDED that Plaintiff's Petition for Habeas Corpus Relief (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

It is also RECOMMENDED that her subsequently filed Motion for Emergency Hearing (ECF No. 4) be DENIED as MOOT.

*Referral Status*: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of October 2025.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE